United States District Court
Southern District of Texas
**ENTERED**
May 04, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff/Respondent,** | § | |
| | § | |
| v. | § | **2:12-CR-999-1** |
| | § | **(2:15-CV-502)** |
| **JOSE GARZA, JR.,** | § | |
| **Defendant/Movant.** | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Jose Garza, Jr. (Garza) filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 271.[1] The United States responded on February 22, 2016 and moved the Court to dismiss Garza's motion. Garza filed a motion for the Court to set a date for his reply, which the Court denied as moot because it had previously ordered Garza to file a reply within 30 days after the Government's response. Garza did not file a reply.

### I. BACKGROUND

Garza pleaded guilty without a plea agreement to possession and conspiracy to possess with intent to distribute more than 500 grams of methamphetamine. He was sentenced to 300 months imprisonment on each count to run concurrently. Judgment was entered on September 24, 2013. The Fifth Circuit Court of Appeals affirmed Garza's conviction and sentence on September 12, 2014. *United States v. Garza*, No. 13-42041 (Sept. 12, 2014) (per curiam) (designated unpublished). The Clerk received the present § 2255 motion on December 16, 2015.

---

[1] Docket entry references (D.E.) are to the criminal case.

1

## II. MOVANT'S ALLEGATIONS

Garza challenges his sentence on multiple grounds. His first argument is that the Indictment failed to charge an offense punishable under 21 U.S.C. § 841(b)(1)(A). Garza's remaining grounds are based upon claims of ineffective assistance of counsel based upon counsel's failure to: (1) object to Garza's sentencing pursuant to § 841(b)(1)(A); (2) investigate the facts or the law before advising Garza to plead guilty; (3) file a motion to suppress the warrantless seizure and arrest; (4) object to improper enhancements to Garza's offense level and the improper inclusion of a stale conviction to calculate his criminal history; (5) negotiate a plea agreement, and (6) argue on appeal that Garza's sentence was erroneously increased by the Court's consideration of unreliable evidence.

## III. ANALYSIS

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[2] 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

---

[2] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Garza's conviction became final 90 days after the Fifth Circuit affirmed his conviction, when the time to file a petition for writ of certiorari expired on December 11, 2014. *See Clay*, 537 U.S. at 527. His § 2255 motion was required to be filed on or before December 11, 2015; however, it is unclear when Garza filed his motion. The motion is dated December 8, 2015, but was not received by the Clerk until December 16, 2015. The motion does not state when it was placed in the prison mail,[3] and there is no legible postmark on the envelope.

The prison mailbox rule provides that a motion or other legal document is deemed filed at the time it is delivered to prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Garza has provided no evidence as to when his motion was delivered to prison officials, although his motion was signed five days before limitations. Rule 3(d) of the § 2255 Rules states, "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." *See also Henderson-El v. Maschner*, 180 F.3d 984, 985-86 (8th Cir. 1999) ("Appellant has offered no evidence as to the date he placed his petition in the mail. The only facts before the Court are that Appellant signed the petition on April 20, 1997, and the Clerk's office filed it on May 6, 1997. Neither of these dates aids in determining whether the petition was mailed on or before April 24. Because Appellant failed to provide any evidence of the date on which he mailed his petition, he may not avail himself of the benefits of the prison mailbox rule."); *but see Towns v. United States*, 190 F.3d 468, 470 (6th Cir. 1999) ("Although Towns's motion does not contain a certificate of service, he signed the motion under the penalty of perjury on April 23, 1997. This indicates that he delivered the motion to prison mailroom personnel before the April 24, 1997,

---

[3] Garza's motion includes the statement, "Executed under penalty of perjury (28 USC § 1746) this 8th day of December, 2015." D.E. 271, p. 16.

deadline. Hence, the motion was timely."). Under *Towns*, Garza's filing would be considered timely because he signed the motion under penalty of perjury before the expiration of limitations, but *Towns* does not comport with Rule 3(d), which requires an affirmative statement as to the date the motion is deposited in the prison mail system.

Garza has failed to provide evidence that his motion, although timely signed, was deposited in the prison mail on or before December 11, 2015.[4] Garza's motion is therefore untimely unless equitable tolling applies to extend limitations.

Equitable tolling may allow for a late filed motion, but such exceptions to limitations are rare. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (Although the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'"). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Garza must show that: (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *Id*. Because Garza has not explained his delay, the Court has no facts before it that justify equitable tolling. Because Garza's motion is untimely, the Court may not decide its merits.

---

[4] The Court also notes that another motion mailed by Garza from the prison in Terre Haute, Indiana took only three days to reach the Court (D.E. 277) and that on other documents, Garza used a Certificate of Service. *Id.* ("The undersigned hereby certifies that a copy hereof was mailed to Hon. Jason Smith, Ass't U.S. Attorney, 1000 Louisiana St., Suite 2300, Houston, TX 77002, by depositing the same in the prison's legal mail depository, 1st Class Postage prepaid, this 7th day of March, 2016."); D.E. 254 ("I, Jose Garza Jr., hereby certify that a true and correct copy of the enclosed Motion to Compel Trial Counsel to Provide Defendant With A Copy of Defense File has been served upon the following parties listed below. The Motion has been provided to prison officials for posting in the United States Postal Service via pre-paid postage affixed envelope on this the 23, [sic] 2014."). In addition, the motion included the attestation under penalty of perjury.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Garza has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Garza cannot establish at least one of the *Slack* criteria. Specifically, jurists of reasons would not find this Court's procedural rulings debatable. Accordingly, Garza is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, Garza's § 2255 motion (D.E. 271) is **DENIED** and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 4th day of May, 2016.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE